Per Curiam.

The secondary evidence, to prove that the defendant was a member of the corporation, was properly admitted. The subscription papers had been in the hands of several persons, and the objection is, that they should all have been questioned in regard to the papers. The Court think this was not necessary. These persons were employed to procure subscriptions, and after procuring them, they would naturally return the papers to the clerk of the corporation ; and the fact that the papers had been in their hands for a temporary purpose, would not lead to the presumption that they still continued in their possession. Further, it did appear that the papers had been returned to the clerk by these agents; and therefore it could not be necessary to call them as witnesses, in *147 order to the admission of secondary evidence. It was also said, that at two meetings, two different persons had been chosen clerks pro tempore, who might have possession of the papers. But each was chosen to make the record for the particular meeting only, and this would not constitute him the keeper of the papers.[1]
A material question is, whether the whole number of shares in the capital stock were taken up, at the time when the assessment, now sued for, was laid. If they were not, the Court are of opinion, on the broad general principles laid down in the case of Salem Mill Dam Corporation v. Ropes, that the defendant is not liable to pay assessments laid for the general purposes of the act of incorporation. And it manifestly is not proved that 400 shares were subscribed for. We should expect it to appear by the books of the corporation, whether the whole number of shares were taken up or not, and what were the names of the respective proprietors and the number of shares for which each was responsible, so that a party interested might there ascertain the fact in question. But we do not mean to say that this is indispensably necessary in all cases. The books may be destroyed by fire or other accident. But where there are no books to resort to, clear and satisfactory evidence of another sort should be required. The main ground on which we proceed in the present case is, that the subscriptions of several persons were upon a condition precedent; one subscribes, if the road shall be made in such a place, another, if in another place. The plaintiffs must show that the condi tions have either been complied with or waived. This has been suggested, but the burden is on the plaintiffs to prove it. We may suppose two different subscriptions to be made upon condi-.ions which are contradictory. It is clear that both conditions cannot be performed, and that both subscribers should not he counted as shareholders.
The defendant is liable for his proportion of the smaller assessment, laid to defray the preliminary expenses of the corporation, although the shares were not all taken up ; but the plaintiffs cannot recover for the larger assessment.
JVeio trial granted.

 See 1 Stark. Ev. (5th Am. ed.) 336 et seq.; Poignand v. Smith, 8 Pick. 278.